DETERMINED IN THE

# THIRD DEPARTMENT,

AT

# GENERAL TERM,

## January, 1879.

---

THE PEOPLE OF THE STATE OF NEW YORK EX
REL. EDWIN V. KIRTLAND. RESPONDENT, *v.* PATRICK
DILLON, APPELLANT.

*Power of the court to set aside a struck jury, and order a new jury to be struck.*

Where a struck jury has been ordered and irregularities have occurred in the
striking thereof, the court may order the jury to be set aside and discharged,
and a new jury to be struck.

APPEAL by the defendant from an order of the Special Term,
setting aside and discharging a struck jury and directing the clerk
to strike a new one.

*Henry Smith,* for the appellant.

*Hale Kingsley* and *Matthew Hale,* for the respondent.

LEARNED, P. J.:

The court had ordered a struck jury. Afterwards, for irregu-
larities in the striking of the jury, the court ordered that jury to
be set aside and discharged, and a new jury to be struck. The

defendant appeals, and insists that the court had no power to make such an order. I see no reason why the court might not set aside an order which it had made. The cases cited by the appellant, *Rex* v. *Perry* (5 Durn. & East. 453), *Holt* v. *Meddowcroft* (4 M. & S., 467), *Montague* v. *Smith* (21 Law J. Rep. [N. S.], Queen's Bench, 73) are not in conflict with this view. The last two only hold that, while the struck jury stands, the case cannot be tried by a common jury. The first held that, when the case went off for default of the attendance of jurors, a new jury should not be struck; but this does not touch the right of the court, on proper cause shown, to set aside the former order, and to grant another of a like character.

In the case of the *Attorney-General* v. *Goodman* (8 Price, 220), a struck jury failed to appear, and a new jury was ordered. The case of *Rex* v. *Perry* (*ut supra*) was cited in opposition to the order; but it could not have been held to prevent the court from ordering a new struck jury, in a proper case.

In the present case there seems to have been some irregularity in the manner of preparing the list, from which the names are to be struck. It would be strange if the court could not set aside the former order, and afford an opportunity for a more strict compliance with the statute.

The order should be affirmed, with ten dollars costs and printing disbursements.

Present — LEARNED, P. J., BOARDMAN and BOCKES, JJ.

Order affirmed, with ten dollars costs and printing disbursements.